UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA

FORT MYERS DIVISION

MICHAEL GEORGE HAGGERTY,

Pro Se Plaintiff,

v.

RICK SCOTT, in his individual and official capacity as former Governor and current U.S. Senator;

THE GOVERNOR'S MANSION OF FLORIDA;

JOHN SIMPSON, Government Liaison connected to the Governor's Mansion and Leon County;

JUDGE KYLE COHEN, Twentieth Judicial Circuit, Lee County;

JUDGE JAMES SHENKO, Twentieth Judicial Circuit, Lee County;

JUDGE LEON FIRTEL, Monroe County;

JUDGE WAYNE MILLER, Monroe County;

JUDGE MORGAN, Twentieth Judicial Circuit;

STATE ATTORNEY DENNIS WARD;

STATE ATTORNEY MANNY MADRUGA (Estate);

STATE ATTORNEY AMIRA DAJANI FOX, Lee County;

STATE ATTORNEY KATHLEEN RUNDELL, Miami-Dade;

STATE ATTORNEY REBECCA DEMIGLIA;

DEPUTY BOCK, Lee County Sheriff;

DETECTIVE GOULD;

MATHEW CURRY DOWLING, Monroe County;

MARIELA BARRIOS;

SANDRA JENKINS;

CARRIE GIL, ESQ.;

MICHAEL CATALANO, ESQ.;

ANNA DAVIDE, ESQ.;

JENNIFER RENEE JUSTHAM;

GEOFF WILSON;

JUDGE ANDREW SWETT;

SEBOUH GOURJIAN;

JUDGE MIRRA;

SAVANNA GA DETENTION CENTER;

FLORIDA BAR MEMBERS FRANSISCO J. DIXON-GREER & ALLIE F. HUSTON;

FLORIDA JUDICIAL QUALIFICATIONS COMMISSION, BLAN L. TEAGLE, J.D.;

FLORIDA STATE TROOPER TO BE NAMED, surveillance across street;

FLORIDA DEPARTMENT OF LAW ENFORCEMENT;

FEDERAL BUREAU OF INVESTIGATION, LEE COUNTY OFFICE;

LEE COUNTY STATE ATTORNEY OFFICE INVESTIGATION UNIT;

and JOHN DOES 1–111, including additional unnamed defendants operating in Florida, Georgia, Massachusetts, and Washington, D.C.,

Defendants.

FILED - USDC - FLMD - FTM
NOV 3 2025 AM9:59

Case No.: 2:25-cv-998-JES-NPM

# MASTER COMPLAINT FOR CIVIL RIGHTS AND RICO VIOLATIONS

Filed by:

Michael George Haggerty

Pro Se Plaintiff

3321 Maritime Place, Unit 108

Fort Myers, FL 33916

(239) 699-0259

solarprosswf@gmail.com

## I. PRELIMINARY STATEMENT

Plaintiff Michael George Haggerty brings this action under federal civil rights statutes (42 U.S.C. §§ 1983, 1985, 1986), RICO (18 U.S.C. §§ 1961–1968), and federal obstruction statutes (18 U.S.C. §§ 1503, 1512) to address a 14-year pattern of coordinated retaliation, obstruction, and

corruption carried out by state officials, judges, prosecutors, law enforcement officers, attorneys, and private individuals acting under color of law.

This enterprise—protected and facilitated in part by Executive Order 12-64 and ongoing governmental complicity—engaged in a sustained campaign of false arrests, malicious prosecutions, judicial misconduct, economic retaliation, and threats to Plaintiff's life and property, spanning multiple jurisdictions, including Lee and Monroe Counties, and extending to state and federal actors.

## II. JURISDICTION AND VENUE

1. Jurisdiction arises under:
    - 28 U.S.C. §§ 1331, 1343 (Federal Question; Civil Rights)
    - 18 U.S.C. § 1964(c) (Civil RICO)
    - 28 U.S.C. § 1367(a) (Supplemental jurisdiction over related state claims)
2.
3. Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of events occurred in Lee County, Florida, and key defendants reside or operate within this district.

## III. PARTIES

- Plaintiff: Michael George Haggerty, resident of Fort Myers, Florida; inventor, business owner, and federal whistleblower.
- Defendants: All individuals, judges, attorneys, prosecutors, law enforcement officers, corporate actors, and state agencies as listed in the caption, all of whom are alleged to have participated directly or indirectly in the racketeering enterprise and civil rights violations.

## IV. FACTUAL BACKGROUND

1. False Arrests & EO 12-64 (2011–2012): Plaintiff was arrested under EO 12-64 and Fla. Stat. §836.10 for a threat never made, fabricated by Monroe County and state actors without probable cause.
2. Judicial & Prosecutorial Misconduct: Judges Cohen, Shenko, Morgan, Firtel, Miller, and others suppressed hearings, falsified records, and obstructed filings. Prosecutors Rundell, Demiglia, Ward, Madruga, and Fox perpetuated false charges and obstructed justice.
3. Coordinated Campaign (2012–Present): A network of over 144 individuals engaged in surveillance, intimidation, and obstruction to deprive Plaintiff of civil rights and business opportunities.
4. December 1, 2024 Motorcycle Collision: Staged by Barrios and Dowling; concealed and manipulated by Detective Gould and Progressive Insurance.

5. July 28, 2025 Courthouse Meeting: Dowling and Barrios entered Judge Cohen's chambers; observed later at Cheeks Bar in distressed condition. John Simpson and other state actors facilitated interference and surveillance.

6. Interference with Business, Housing, and Employment: Defendants sabotaged Plaintiff's ventures, including The French Tickler, disrupted employment opportunities, and harassed housing managers (e.g., "Jen" at Mallory Townhomes).

7. Surveillance & Threats: State troopers and other agents stationed near Plaintiff's residence to intimidate; repeated monitoring documented.

8. Judicial Conflict of Interest: Judges Kyle Cohen (Lee County) and Judge Morgan (Monroe County) were appointed by the Governor's Mansion, a named defendant. Their presiding over Plaintiff's cases constitutes structural due process violations and a conflict of interest under 28 U.S.C. § 455 and Florida Judicial Canons.

9. Failure of Legal Representation: Attorneys Sebouh Gourjian, Michael Catalano, and Anna Davide failed to provide competent representation, effectively abetting the enterprise by suppressing exculpatory evidence and obstructing filings.

10. Florida Bar and JQC Inaction: The Florida Bar and Florida Judicial Qualifications Commission failed to investigate or discipline misconduct, further enabling the racketeering enterprise.

11. Fraud Upon the Court — Judge Shenko: Deliberate falsification in denying subpoenas for critical phone and electronic records, obstructing Plaintiff's access to evidence.

12. Failure of Law Enforcement Agencies: FBI, FDLE, and Lee County State Attorney's Investigation Unit ignored documented harassment and staged accidents, allowing obstruction and retaliation to continue.

## V. CAUSES OF ACTION

Count I – Civil Rights Violations (42 U.S.C. § 1983)

- Violations of First, Fourth, and Fourteenth Amendment rights via false arrest, retaliation, and due process deprivation.

Count II – Conspiracy to Violate Civil Rights (42 U.S.C. § 1985)

- Coordinated obstruction, intimidation, and denial of equal protection.

Count III – RICO Violations (18 U.S.C. §§ 1961–1968)

- Pattern of racketeering: fraud, obstruction, witness tampering, falsification of records, economic and property interference, spanning multiple states.

Count IV – Obstruction of Justice (18 U.S.C. §§ 1503, 1512)

- Concealment, alteration, destruction of evidence; witness intimidation.

Count V – Malicious Prosecution & False Imprisonment

- Initiation and continuation of criminal proceedings without probable cause.

Count VI – Economic & Housing Retaliation

- Targeted interference with Plaintiff's housing, business, and employment.

Count VII – Judicial and Attorney Misconduct

- Suppression of hearings, falsification of records, obstruction by judges and attorneys under color of law.

## VI. PRESERVATION AND DISCOVERY DEMANDS

- Preservation: All evidence must be maintained (emails, texts, phone records, social media, surveillance, claim files, internal communications).
- Depositions: Video deposition of Mariela Barrios within 21 days; three proposed dates requested.
- Subpoenas: Barrios' and Dowling's phone/tower records; Detective Gould's body camera footage; Lee County Sheriff files; Progressive Insurance claims; Governor's Mansion communications.

## VII. DAMAGES AND RELIEF

Plaintiff seeks:

1. Declaration that defendants violated federal and constitutional rights
2. Injunctive relief against continued harassment and surveillance
3. Compensatory and punitive damages exceeding $150,000,000
4. Treble damages under RICO
5. Referral to federal authorities
6. Attorneys' fees, costs, and equitable relief
7. Witness protection and unsealing of relevant records

## VIII. SANCTIONS WARNING

Destruction, alteration, or deletion of relevant evidence will constitute obstruction and trigger motions for sanctions, default, and criminal referral.

## IX. CONCLUSION

This complaint unites federal civil rights and RICO claims with Plaintiff's ongoing state actions, asserting jurisdiction for comprehensive adjudication of a 14-year campaign of retaliation, obstruction, and systemic misconduct.

Respectfully submitted,

/s/ Michael George Haggerty

Michael George Haggerty

Pro Se Plaintiff

3321 Maritime Place, Unit 108

Fort Myers, FL 33916

(239) 699-0259

solarprosswf@gmail.com

Date: 11/3/25

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished via U.S. Mail, Florida ePortal, and email to all counsel of record, including Sean Mulhall, Esq., Carrie Gil, Esq., Banker Lopez Gassler P.A., Progressive Insurance, and other parties on the docket.

/s/ Michael George Haggerty

Michael George Haggerty

11/3/25