UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL GEORGE HAGGERTY,

      Plaintiff,

v.                              Case No: 2:25-cv-00998-JES-NPM

RICK SCOTT, et al.,

      Defendants.

_____

## OPINION AND ORDER

This matter comes before the Court on review of the file. Since initiating this action, plaintiff has filed numerous motions seeking expedited service, to change venue, to compel records on an emergency basis, for the appointment of a special master and for a preliminary injunction. When such labels as "expedited", "time-sensitive", or "emergency" are included in the title, "the clerk and the court immediately pause their work on other cases and redirect their attention to the purported emergency—even after hours." Hytto pte. Ltd. v. Olivares, No. 2:25-CV-576-KCD-NPM, 2025 WL 2829541, at *1 (M.D. Fla. Oct. 6, 2025). As such, the Local Rules warn parties that "[t]he unwarranted designation of a motion as an emergency can result in a sanction." M.D. Fla. 3.01(f). See also (Doc. #4, pp. 8-9). "The repeated, unwarranted designation of a motion as an emergency motion 'unfairly disfavors

other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency.'" Onward Healthcare, Inc. v. Runnels, No. 6:12-CV-508-ORL-37, 2012 WL 1259074, at *2 (M.D. Fla. Apr. 13, 2012) (quoting Bravado Int'l Grp. Merch.SE Servs., Inc. v. Smith, No. 8:12-cv-613, 2012 WL 1155858, at *1 (M.D. Fla. Mar. 27, 2012)). **This will be the only warning before sanctions are considered.** The Court addresses each of these matters below. Defendants have not been served or appeared therefore the motions are ripe.

1. **Emergency Motion to Expedite Subpoena Process and Recognize Payment of Filing Fee (Doc. #5), Consolidated Federal Subpoena and Motion to Compel Telecommunications and Electronic Records (Doc. #7), and Emergency Motion for Court Order Compelling Production of Records and Subpoena Duces Tecum for Evidence Unlawfully Withheld by Lee County Court and Related to the July 28th Meeting, Staged Motorcycle Accident, and December 1st Assault (Doc. #13):**

Plaintiff initiated the Complaint (Doc. #1) with an Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. #2). Not content to wait for review, plaintiff paid the filing fee approximately two weeks later along with the motions to expedite the issuance of subpoenas pursuant to Fed. R. Civ. P. 45. The first motion seeks to have the Court issue subpoenas compelling the production of phone records, surveillance video, and location data due to "ongoing obstruction" in a related state proceeding. Plaintiff paid the filing fee "despite indigent

2

status" for the purpose of having the subpoenas issued.  The second motion seeks the issuance of subpoenas for telephone provider information including call logs, text messages, and emails because of "judicial interference" in ongoing state court litigation and the necessity for "Federal oversight".  The third motion seeks evidence that "was denied or withheld by Judge Shenko" and the Lee County Sheriff's Office that is vital this federal case.  This includes video footage of "judicial corridors" and keycard entries for attorneys and state attorney staff, and internal judicial communications.

Plaintiff seeks to compel defendants to turn over sensitive data *ex parte*.  In other words, before service of process or the opportunity to respond to the allegations in the Complaint regarding matters that may or may not be pending in state court without a legal basis for the extraordinary relief.  Subpoenas are issued from the Court where the action is pending.  Fed. R. Civ. P. 45(a)(2).  The Court finds no emergency exists that what override the fundamental requirements for plaintiff to serve defendants pursuant to Fed. R. Civ. P. 4.  Plaintiff is cautioned that these requests are not emergencies and the parties must submit a discovery plan by filing a Uniform Case Management Report either: (1) "within forty days after any defendant appears"; (2) "within forty days after the docketing of an action removed or transferred

to this court"; or (3) "within seventy days after service on the United States attorney in an action against the United States, its agencies, or employees." (Doc. #4 at 4.) As the parties have not been served or appeared, discovery requests are premature. **The motions will be denied in their entirety.**

2. **Motion to Change Venue (Doc. #6) and Motion to Disqualify Federal Judge (Doc. #37):**

Plaintiff seeks to transfer this case to a venue outside of the State of Florida because some of the defendants include a United States Senator representing Florida, "The Governor's Mansion of Florida" and a judicial officer who was previously employed in the federal courthouse prior to this appointment to the state bench. Plaintiff initiated this case in Fort Myers, Florida. If plaintiff wishes to pursue his case in a different venue, such as the proposed choices of the District of Columbia because of federal defendants or the Southern District of Georgia because it is close, he may proceed accordingly and file the case in the venue he desires. Of course, this would be subject to another Court accepting jurisdiction over a case with no tenable connection to the case or controversy.

Plaintiff also seeks to disqualify the undersigned for not deciding his many motions more immediately. Plaintiff argues that the undersigned has "professional ties to Lee County judicial staff" and cannot impartially decide a case involving local

officials with "whom the judge has longstanding relationships." The appearance of counsel in Court as a prosecutor or counsel of record is an insufficient basis to warrant recusal. Finding no qualifying basis under 28 U.S.C. § 455, the Court finds that disqualification is not required. **The motions are denied.**

>    3. **Emergency Motion to Expedite Ruling (Doc. #20), Emergency Motion for Appointment of Special Federal Master, Federal Oversight, and Referral for Criminal Investigation of State Officials and Judicial Actors (Doc. #25), and untitled request for a federal protective order (Doc. #27):**

In the first "emergency" motion, plaintiff seeks in bullet form fashion the appointment of a special master, federal protective oversight, and to prevent Judge Cohen further action in a state court case. Plaintiff also seeks to seal exhibits from public access without complying with the requirements of M.D. Fla. R. 1.11. In the second motion, plaintiff seeks to "refer all evidence of criminal conduct" by state officials to a federal prosecutor, to exercise federal oversight, and to appoint a special master. In the third motion, plaintiff seeks a federal protective order prohibiting Judge Cohen from further judicial involvement in a state court matter and for reassignment to protect plaintiff from retaliation.

"[Younger v. Harris, 401 U.S. 37 (1971)] and its progeny espouse a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary

circumstances. The policies underlying <u>Younger</u> abstention have been frequently reiterated by this Court. The notion of "comity" includes "a proper respect for state functions, a recognition of the fact that the entire country is made up of a Union of separate state governments, and a continuance of the belief that the National Government will fare best if the States and their institutions are left free to perform their separate functions in their separate ways." <u>Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n</u>, 457 U.S. 423, 431 (1982) (citation omitted). Frankly, the Court has no authority to grant the relief sought in the motions based on the little to no information provided. Federal courts have limited jurisdiction and may not "exercise jurisdiction absent a statutory basis." <u>Home Depot U. S. A., Inc. v. Jackson</u>, 587 U.S. 435, 437, 139 S. Ct. 1743, 1746, 204 L. Ed. 2d 34 (2019) (citation omitted). "The <u>Rooker-Feldman</u> doctrine 'is a jurisdictional rule that precludes the lower federal courts from reviewing state court judgments.'" <u>Efron v. Candelario</u>, 110 F.4th 1229, 1235 (11th Cir. 2024), <u>cert. denied</u>, 145 S. Ct. 1958 (2025) (quoting <u>Alvarez v. Att'y Gen. of Fla.</u>, 679 F.3d 1257, 1262 (11th Cir. 2012)). If plaintiff's request "requires a federal district court to review and reject a state court decision," the request is barred by the <u>Rooker-Feldman</u> doctrine. <u>Efron v. Candelario</u>, 110

F.4th 1229, 1236 & n.7(11th Cir. 2024), <u>cert. denied</u>, 145 S. Ct. 1958, 221 L. Ed. 2d 738 (2025).

As the motions are unsupported by any authority for the Court to determine jurisdiction interfere with the state action, with state actors, or to appoint a special master, **the motions are denied.** To the extent that plaintiff seeks a referral to the U.S. Attorney's Office, "[t]he decision as to which crimes and criminals to prosecute is entrusted by the Constitution not to the judiciary, but to the executive who is charged with seeing that laws are enforced. [] The judiciary cannot interfere with a prosecutor's exercise of charging discretion, except in narrow circumstances where it is necessary to do so in order to discharge the judicial function of interpreting and applying the Constitution." <u>United States v. Smith</u>, 231 F.3d 800, 807 (11th Cir. 2000) (citation omitted). The motion will be **denied without prejudice** to plaintiff directing his request to the appropriate party.

### 4. Motion to Reconsider as Indigent (In Forma Pauperis) (Doc. #23) and Motion to Proceed In Forma Pauperis (Doc. #32):

While the first motion is styled as a motion for reconsideration, the Court construes it as an objection to the Magistrate Judge's Order. Because Plaintiff's objections are to the magistrate judge's non-dispositive in forma pauperis order (Doc. #19), the Court applies the clearly erroneous or contrary to law standard. Fed. R. Civ. P. 72(a) ("When a pretrial matter not

dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide … [t]he district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous of contrary to law.").

On November 19, 2025, Magistrate Judge Nicholas P. Mizell entered an Endorsed Order denying as moot Plaintiff's request to proceed in forma pauperis. (Doc. #19.) Since plaintiff paid the filing fee after seeking to proceed *in forma pauperis*, there was nothing clearly erroneous or contrary to law in finding the request moot. See, e.g., Macker v. Naylor, No. 6:23-cv-1963-JSS-DCI, 2025 WL 1158698, at *1 (M.D. Fla. Apr. 21, 2025)(finding the court lacked any basis to grant the requested relief to proceed IFP after the plaintiff paid the filing fee); Rohrig v. Dallas Bull(301), LLC, No. 8:21-cv-1109-MSS-JSS, 2021 WL 7542560, at *1 (M.D. Fla. July 28, 2021)(finding the plaintiff's motion to proceed in forma pauperis moot once the plaintiff had paid the filing fee), report and recommendation adopted by, 2021 WL 7542559 (Oct. 13, 2021). **The objection is overruled.**

Plaintiff also seeks appointment of counsel in the motion. Plaintiff asserts in his motion that he has difficulty obtaining justice due to: (1) repeated denial of subpoenas in state court; (2) interference with filings; (3) unauthorized surveillance; (4) government-connected defendants; (5) fourteen years of ongoing

state harassment; (6) denials of due process in multiple courts; (7) the extreme complexity of the issues and the number of defendants; and (8) his inability to effectively present evidence, witness examinations, and ensuring the case proceeds fairly and on the merits. (Doc. #23.) Unlike criminal defendants, a "plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999); Poole v. Lambert, 819 F.2d 1025, 1028 (11th Cir. 1987). Section 1915(e)(1) authorizes the Court to appoint counsel for civil litigants proceeding in forma pauperis; however, plaintiff is not currently proceeding in forma pauperis. This leads to the new motion to proceed *in forma pauperis*.

In the next motion, plaintiff indicates that he is indigent and "unable to pay court filing fees, service fees, or litigation-related expenses." To the extent that plaintiff's previously filed application reflects a total monthly income of $2,231, about $600 in cash, two cars worth about $32,000 total, and monthly expenses of roughly $2,000, the Court finds that plaintiff is financially eligible. That being said, plaintiff must still satisfy review pursuant to 28 U.S.C. § 1915 to determine if the action "**(i)** is frivolous or malicious; **(ii)** fails to state a claim on which relief may be granted; or **(iii)** seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Until

the Court reviews the pleading, the request to appoint counsel and to proceed *in forma pauperis* will remain **under advisement**.

5. **Motion to Accept the 4th Amended Complaint (Doc. #34) and Motion for Service of Process by U.S. Marshals Service (Doc. #33):**

Since the inception of this action, plaintiff has repeatedly filed amended pleadings pending review of his emergency motions. Before the Court can decide if plaintiff should be granted the ability to proceed *in forma pauperis* and facilitate service of process, the Court must review the proposed complaint.[1]

The latest and purportedly "final version" includes 39 defendants with bullet points to indicate actions by each defendant with no specific factual allegations.  The <u>entire</u> "factual background" is as follows:

> A. Executive Order 12-64 Kidnapping & False Arrest (2011-2012)
>
> Fabricated threat; no probable cause; Monroe County actors conspired to imprison Plaintiff.
>
> B. Judicial Misconduct and Record Manipulation (2012-2025)
>
> Judges Cohen, Shenko, Morgan, Firtel, Miller, Mirra, and Swett acted to obstruct filings, alter records, deny hearings, and protect the Governor's Mansion and prosecutors.
>
> C. Prosecutorial Conspiracies

---

[1] A Fourth Amended Complaint (Doc. #31) was filed before plaintiff filed a motion seeking leave to file the document.

Ward, Madruga, Rundell, Demiglia, Fox, Justham, Wilson maliciously prosecuted Plaintiff without probable cause.

D. Staged Motorcycle Collision-December 1, 2024

Barrios and Jenkins, coordinated with Dowling, caused physical injury; Gould and others covered up evidence.

E. Courthouse Incident-July 28, 2025

Dowling and Barrios entered Judge Cohen's chambers; concealed coordination; observed later at bar after collusion.

F. Surveillance, Harassment, Threats

Unknown Florida Highway Trooper and Lee County Sheriff's internal officers stationed covertly near Plaintiff's residence.

G. False Arrests in 2003 and 2011

Fabricated affidavits; unlawful detention without indictment.

H. Interference with Employment & Business

Sabotage of Plaintiff's product, the French Tickler; harassment of housing management; economic targeting.

I. Bar & JQC Failures

Florida Bar attorneys Dixon-Greer and Huston, and JQC official Blan Teagle, knowingly refused to act.

J. FBI, FDLE, and State Attorney Investigation Unit Failures

Ignored credible threats, complaints, and evidence of criminal conspiracy.

(Doc. #34-1, pp. 8-11.)  "A complaint is a shotgun pleading if it contains pervasive conclusory and immaterial facts not obviously connected to a specific claim or asserts multiple claims without specifying who is responsible or which persons the claim is brought against. [] A shotgun pleading makes it virtually impossible to know which allegations of fact are intended to support which claims for relief."  Brown v. Columbus Police Dep't, No. 23-11896, 2024 WL 3451862, at *6 (11th Cir. July 18, 2024).  "Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are 'standing in line,' waiting for their cases to be heard."  Cramer v. State of Fla., 117 F.3d 1258, 1263 (11th Cir. 1997).

There are four types of shotgun pleadings: (1) a complaint with multiple counts where each count adopts all preceding counts "causing each successive count to carry all that came before and the last count to be a combination of the entire complaint"; (2) "a complaint that … is guilty of the venial sin of being replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that fails to separate into separate counts each claim for relief; and

(4) "there is the relatively rare sin of asserting multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cnty. Sheriff's Off., 792 F.3d 1313, 1321-23 (11th Cir. 2015).

The fourth amended complaint exhibits shotgun pleading characteristics, including conclusory, vague, and broad statements that are not obviously connected to a particular cause of action, and it asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.  In sum, the complaint violates Federal Rules of Civil Procedure 8 and 10 and fails to comply with 28 U.S.C. § 1915.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint include a "short and plain statement of the claim" with "simple, concise, and direct" allegations.  Fed. R. Civ. P. 8(a)(2), (d)(1).  Rule 10 of the Federal Rules further provides that claims must be in numbered paragraphs and "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).  *Pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers.  Nevertheless, *pro se* litigants are not exempt from complying with the Federal

Rules of Civil Procedure, including Rule 8(a)(2)'s pleading standard. _GJR Investments, Inc. v. Cnty. of Escambia_, 132 F.3d 1359, 1369 (11th Cir. 1998) ("Yet even in the case of _pro se_ litigants this leniency does not give a court license to serve as de facto counsel for a party, [] or to rewrite an otherwise deficient pleading in order to sustain an action[.]" (internal citations omitted)), _overruled on other grounds as recognized in Randall v. Scott_, 610 F.3d 701, 706 (11th Cir. 2010); _see also Moon v. Newsome_, 863 F.2d 835, 837 (11th Cir. 1989) (stating that _pro se_ litigants are "subject to the relevant law and rules of court, including the Federal Rules of Civil Procedure"). The motion to amend is **denied** based on the proposed document but the Court will allow plaintiff to amend the pleading to determine if _in forma pauperis_ status should be granted.

In amending, plaintiff should endeavor to comply with the Federal Rules of Civil Procedure. Under Rule 8(a),

> A pleading that states a claim for relief must contain:
>
> **(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> **(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> **(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).  Under Rule 10(b),

> A party must state its claims or defenses in
> numbered paragraphs, each limited as far as
> practicable to a single set of circumstances.
> A later pleading may refer by number to a
> paragraph in an earlier pleading. If doing so
> would promote clarity, each claim founded on
> a separate transaction or occurrence--and each
> defense other than a denial--must be stated in
> a separate count or defense.

Fed. R. Civ. P. 10(b).  Plaintiff should specify the Court's basis for subject matter jurisdiction, and the legal basis for his claim or claims with supporting facts.  Plaintiff should include references to the federal laws and/or sections of the United States Constitution that have been violated for _each_ defendant.  For additional resources and assistance, plaintiff may wish to review the form complaints available on the Court's website, for example https://www.uscourts.gov/forms/pro-se-forms/complaint-violation-civil-rights-non-prisoner.[2]

The motion to amend will be **denied without prejudice** to plaintiff filing a Fifth Amended Complaint that follows the parameters outlined above.  Once filed, the Magistrate Judge will consider the pleading pursuant to 28 U.S.C. § 1915 to determine whether plaintiff should be granted _in forma pauperis_ status.  The

---

[2] The website has tips, answers to frequently-asked questions, and sample forms.  There is also a link that may help plaintiff generate the amended complaint.

will be **denied as premature** pending review of the Fifth Amended Complaint.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Emergency Motion to Expedite Subpoena Process and Recognize Payment of Filing Fee (Doc. #5) is **DENIED.**

2. Plaintiff's Consolidated Federal Subpoena and Motion to Compel Telecommunications and Electronic Records (Doc. #7) is **DENIED.**

3. Plaintiff's Emergency Motion for Court Order Compelling Production of Records and Subpoena Duces Tecum for Evidence Unlawfully Withheld by Lee County Court and Related to the July 28th Meeting, Staged Motorcycle Accident, and December 1st Assault (Doc. #13) is **DENIED.**

4. Plaintiff's Motion to Change Venue (Doc. #6) is **DENIED WITHOUT PREJUDICE.**

5. Plaintiff's Motion to Disqualify Federal Judge (Doc. #37) is **DENIED.**

6. Plaintiff's Emergency Motion to Expedite Ruling (Doc. #20) is **DENIED.**

7. Emergency Motion for Appointment of Special Federal Master, Federal Oversight, and Referral for Criminal Investigation

of State Officials and Judicial Actors (Doc. #25) is **DENIED WITHOUT PREJUDICE.**

8. Plaintiff's untitled request for a federal protective order (Doc. #27) is **DENIED.**

9. Plaintiff's Motion to Reconsider as Indigent (In Forma Pauperis) (Doc. #23) is **OVERRULED** and the request for an appointment of counsel remains **UNDER ADVISEMENT**.

10. Plaintiff's Motion to Proceed In Forma Pauperis (Doc. #32) is **GRANTED** as to financially eligibility but remains pending and **UNDER ADVISEMENT** pending review of the Fifth Amended Complaint.

11. Plaintiff's Motion to Accept the 4th Amended Complaint (Doc. #34) is **DENIED** and the Fourth Amended Complaint is dismissed without prejudice to filing a Fifth Amended Complaint within **THIRTY (30) DAYS** of this Opinion and Order.

12. Plaintiff's Motion for Service of Process by U.S. Marshals Service (Doc. #33) is **DENIED AS PREMATURE.**

13. Plaintiff's Emergency Motion to Compel Court Action on Pending Motions, to Compel Hearings, to Require U.S. Marshal Service of Process, to Act on Change of Venue Motion, and Formal Notice of Oingoing Judicial Delay, Obstruction, and Deprivation of Constitutional Rights

(Doc. #36) is **DENIED AS MOOT**.  All motions have been addressed herein.

**DONE AND ORDERED** at Fort Myers, Florida, this __15th__ day of December 2025.

JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Hon. Nicholas P. Mizell

Plaintiff
Counsel of record