UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHAEL GEORGE HAGGERTY,

      Plaintiff,

v.                        Case No:  2:25-cv-00998-JES-NPM

RICK SCOTT, et al.,

      Defendants.

---

### OPINION AND ORDER

This matter comes before the Court on review of the file. Plaintiff, Michael Haggerty ("Haggerty"), filed this action on November 3, 2025, alleging various constitutional violations against numerous defendants.  Haggerty then filed seven different complaints with the same constitutional violations, but added and removed various defendants.  The Seventh Amended Complaint (Doc. #50), the operative pleading, makes claims against twelve defendants, who were all defendants by November 14, 2025.

The Federal Rules of Civil Procedure requires that the plaintiff serve the defendant "within 90 days after the complaint is filed[.]"  See Fed. R. Civ. P. 4(m).  Where a plaintiff has failed to provide service, a court "must dismiss the action without prejudice against that defendant or order that service be made within a specified time."  Id.  A court must, however, extend the

time for service when the plaintiff shows good cause for failure. Id.

Haggerty failed to serve the defendants by March 27, 2026, after receiving two extensions. See Lindley v. City of Birmingham, 452 F. App'x 878, 879-80 (11th Cir. 2011)(discussing that the deadline to provide service is based upon when the defendant is first named in the complaint). On February 24, 2026, the Court provided Haggerty until March 10, 2026, to either effect service, obtain a waiver, or show cause for why proof of service could not be timely filed. (Doc. #42.) On March 2, 2026, Haggerty was again given until March 27, 2026, to either file proof of service, waivers of service, or show cause for why the case should not be dismissed. (Doc. #44.) Even with this additional time, Haggerty did not serve process.

Additionally, the Court finds no good cause to further extend time to serve process. Good cause exists under Rule 4(m) "only when some outside factor, such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." See Nelson v. Barden, 145 F. App'x 303, 309 (11th Cir. 2005)(citing Prisco v. Frank, 929 F.2d 603, 604 (11th Cir. 1991), *superseded in part by rule as stated in* Horenkamp v. Van Winkle And Co., Inc., 402 F.3d 1229, 1132 n.2 (11th Cir. 2005))(cleaned up). Although Haggerty has repeatedly requested service by the U.S. Marshals, the Court

-2-

has repeatedly denied that request for a variety of reasons and informed Haggerty that he was responsible for serving process pursuant to the Federal Rules of Civil Procedure.  (Docs. ## 39, 42, 44, 59.)   Therefore, his case must be dismissed without prejudice.[1]

Accordingly, it is now

**ORDERED**:

(1)   The case is **DISMISSED without prejudice** for failure to serve process.

(2)   The Clerk is directed to enter judgment accordingly, terminate all pending motions and deadlines as moot, and to close the file.

**DONE AND ORDERED** at Fort Myers, Florida, this   30th   day of March 2026.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Parties of record

---

[1] The Court notes that if Haggerty wishes to proceed with these claims he must refile this case under a new case number.